UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:05CV-P168-M

**WILLIAM DALE DUNCAN**                                                                                              **PETITIONER**

v.

**TOM SIMPSON, WARDEN**                                                                                              **RESPONDENT**

**MEMORANDUM OPINION AND ORDER**

The petitioner, William Dale Duncan, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter is currently before the court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Because the petition appears to be barred by the applicable statute of limitations, the court will direct the petitioner to show cause why his petition should not be denied and his action dismissed as untimely.

I.

The petitioner brings this habeas petition to challenge two convictions arising out the Muhlenberg Circuit Court. On March 10, 1998, and on June 16, 1998, following a plea of guilty, the petitioner was convicted of escape in the first degree and in the second degree and two counts of being a persistent felony offender. The court sentenced him to a combined term of 22 years in prison. He did not file a direct appeal.

On April 1, 2004, the petitioner filed a motion for relief from judgment pursuant to Rule 60.02 of the Kentucky Rules of Civil Procedure. The trial court denied his motion on April 20, 2004. And on May 13, 2005, the Kentucky Court of Appeals affirmed that decision and denied a motion for rehearing on July 14, 2005. The petitioner did not seek discretionary review from the Supreme Court of Kentucky, and he initiated the instant action on November 5, 2005.

II.

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, the petitioner did not file a direct appeal of his conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the petitioner's convictions became final

on March 24, 1998 (for the March convictions) and on June 30, 1998 (for the June convictions), 10 days after the trial court entered the judgments of conviction.  *See* Kentucky Rule of Criminal Procedure 12.04 (1981) (amended 1998).  Thus, he had until March 24, 1999, and June 30, 1999, to file his respective petitions for habeas corpus relief in this court unless there was a time-tolling collateral attack pending in state court.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (quoting § 2244(d)(2)) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'").

  A review of the action, however, reveals that the petitioner did not file any time-tolling collateral attacks of his state court convictions until April 1, 2004, well after the applicable limitations had expired.  His filing a Rule 60.02 postconviction motion did not restart the one-year statute of limitations for filing his federal habeas petition.  *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003).  As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations."  *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir. 2001) (" . . . although the filing of the motion for a delayed appeal may have tolled the running of the one-year statute, it did not cause the statute to begin running anew when the state court denied the motion.").  Thus, when the petitioner finally sought postconviction relief from the Muhlenberg Circuit Court in April of 2004, there was nothing left of the one-year statute of limitations to toll.  Accordingly,

3

**IT IS HEREBY ORDERED** that no later than **thirty (30) days** from the date of this order, the petitioner shall show cause why his petition should not be denied and his action dismissed as barred by the applicable statute of limitations.

Date:

cc:	Petitioner pro se
	4414.002