**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT OWENSBORO**

WILLIAM DALE DUNCAN                                                    PETITIONER

v.                                                        CIVIL ACTION NO. 4:05CV-P168-M

TOM SIMPSON, WARDEN                                                    RESPONDENT

**MEMORANDUM OPINION**

The petitioner, William Dale Duncan, filed this action pursuant to 28 U.S.C. § 2254,

seeking a writ of habeas corpus.  By Memorandum Opinion and Order entered December 22,

2005, the Court concluded that the petition should be dismissed as time barred but provided the

petitioner with an opportunity to respond (DN 5).  The petitioner filed a response on January 6,

2006, (DN 6), which the Court has reviewed.  For the reasons that follow, the petitioner's § 2254

petition will be dismissed as time barred.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The petitioner brings this habeas petition to challenge two convictions arising out the

Muhlenberg Circuit Court.  On March 10, 1998, and on June 16, 1998, following a plea of guilty,

the petitioner was convicted of escape in the first degree and in the second degree and two

counts of being a persistent felony offender.  The court sentenced him to a combined term of 22

years in prison.  He did not file a direct appeal.

On April 1, 2004, the petitioner filed a motion for relief from judgment pursuant to Rule

60.02 of the Kentucky Rules of Civil Procedure.  The trial court denied his motion on April 20,

2004.  And on May 13, 2005, the Kentucky Court of Appeals affirmed that decision and denied a

motion for rehearing on July 14, 2005.  The petitioner sought discretionary review from the

Supreme Court of Kentucky, which was denied on October 12, 2005.  The petitioner then

initiated the instant action in this Court on November 5, 2005.

## II.  ANALYSIS

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of the AEDPA apply.

*Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000).  The AEDPA sets forth a statute of

limitations for state prisoners seeking release from custody.  The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application
> for a writ of habeas corpus by a person in custody pursuant to the
> judgment of a State court. The limitation period shall run from the
> latest of --
>
> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws of
> the United States is removed, if the applicant was prevented from
> filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially
> recognized by the Supreme Court, if the right has been newly
> recognized by the Supreme Court and made retroactively
> applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims
> presented could have been discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, it is undisputed that the petitioner did not file a direct appeal of his

conviction. Therefore, the one-year limitations period began to run at "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, the petitioner's convictions became final on March 24, 1998, (for the March convictions) and on June 30, 1998, (for the June convictions), 10 days after the trial court entered the judgments of conviction. *See* Kentucky Rule of Criminal Procedure 12.04. Thus, the petitioner had until March 24, 1999, and June 30, 1999, to file his respective petitions for habeas corpus relief in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'") (quoting 28 U.S.C. § 2244(d)(2)).

The petitioner argues that because his Rule 60.02(e) motion was timely under state law,[1] it was properly filed and should toll the limitations period under § 2244. Filing a Rule 60.02 postconviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* at 602 (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d

_____

[1]Kentucky Rule of Civil Procedure 60.02 provides in part that:

> On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: . . . (e) the judgment is void, or has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; . . . The motion shall be made within a reasonable time . . .

515, 519 (6th Cir. 2001) ("[A]lthough the filing of the motion for a delayed appeal may have

tolled the running of the one-year statute, it did not cause the statute to begin running anew when

the state court denied the motion."). To hold otherwise would be to eviscerate AEDPA's

purpose of ensuring finality of state court judgments. *See Rhines v. Weber*, 544 U.S. 269, 276

(2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest

in the finality of state court judgments"; it "reduces the potential for delay on the road to

finality[.]" (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001))).

A review of this action reveals that the petitioner did not file any time-tolling

collateral attacks of his state court convictions until April 1, 2004, well after the applicable

limitations period had expired. Thus, when the petitioner finally sought postconviction relief

from the Muhlenberg Circuit Court in April of 2004, there was nothing left of the one-year

statute of limitations to toll. Therefore, his 28 U.S.C. § 2254 petition seeking a writ of habeas

corpus from this Court must be dismissed as time barred.

### III.  CERTIFICATE OF APPEALABILITY

In the event that the petitioner appeals this Court's decision, he is required to obtain a

certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court

must issue or deny a certificate of appealability and can do so even though the petitioner has yet

to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir.

2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of

habeas corpus or upon the filing of a notice of appeal, the district judge is always required to

comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the

showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a

constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:     Petitioner, *pro se*
        4414.008